IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAASHIF MUHAMMAD<br>75 Windy Falls Way, Apt. J.<br>Cockeysville, MD 21030<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WESTERN EXPRESS, INC.<br>2925 Schoenersville Road<br>Bethlehem, PA 18017<br><br>　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO.: _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Kaashif Muhammad (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Western Express, Inc. (hereinafter referred to as "Defendant") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. Plaintiff resides in and is a citizen of Maryland.

3. Upon information and belief, Western Express, Inc. is incorporated under the laws of Tennessee with headquarters and/or principal place of business in Pennsylvania, rendering it a citizen of Tennessee and Pennsylvania.

4. This Court, in accordance with 28 U.S.C. § 1332, has jurisdiction over Plaintiff's claims because there is complete diversity jurisdiction, as Plaintiff is a citizen of Pennsylvania, and Defendant is a citizen of Tennessee and Pennsylvania, and the amount in controversy exceeds $75,000.

5. This action is also being initiated pursuant to federal laws (Section 1981 and Title VII) and therefore, the United States District Court for the Eastern District of Pennsylvania also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

6. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

8. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge

with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

9. Plaintiff has properly exhausted his administrative remedies regarding his PHRA claims by dual-filing his Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and by waiting at least one year since the filing before asserting his PHRA claims.

**PARTIES**

10. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11. Plaintiff is an adult who resides at the above-captioned address.

12. Western Express, Inc. is a transportation and logistics corporation, with a terminal/facility at the above-captioned address.

13. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

14. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

15. Plaintiff was hired by Defendant on or about October 14, 2024, as a crossroad truck driver, with a territory east of Mississippi.

16. While Defendant is headquartered/incorporated in Tennessee, Plaintiff was considered based from and trained from Defendant's above-captioned terminal in Bethlehem, Pennsylvania.

17. At all times relevant herein, Plaintiff was initially trained/supervised by Angelo De Leon (Hispanic, hereinafter "De Leon") and also fell under the supervision of Manager, Joshua Morris (Caucasian, hereinafter "Morris").

18. During Plaintiff's brief tenure with Defendant, he was a very hard-working employee, who had performed his training well and was complimented by De Leon.

19. Plaintiff is a black (African American), Muslim male who practices Islam.

20. As part of Plaintiff's religious beliefs, on a daily basis, Plaintiff wore religious attire while working for Defendant, including but not limited to a thawb (long, loose garment or robe).

21. Plaintiff wore the aforementioned religious attire when he first arrived at Defendant's Bethlehem, PA terminal, wherein he was paired up with a trainer to take an 18-wheeler truck out onto the highway to see how he handled the vehicle.

22. Because of his prior experience as a truck driver, Plaintiff passed this training with flying colors.

23. Plaintiff was then placed with De Leon for several more training days to see if he could drive a flat-bed 18-wheeler (which involves a slightly different skill set).

24. Plaintiff also passed this training well, with De Leon complimenting Plaintiff and informing him that he was "good to go" and would have no issues with moving forward with the company as a driver.

25. However, on or about October 30, 2024, after returning to the Defendant's Bethlehem, PA terminal via shuttle bus, he was approached by another of Defendant's employees, Shuttle Driver/Trainer, John Roum (Caucasian, hereinafter "Roum") who pulled on Plaintiff's religious thawb, mockingly stating, "look at this magical cloak and flying shoes."

26. Plaintiff immediately and calmly replied to Roum, "Sir, please let go of me, this is a religious garment," Roum laughed and responded that he could not take a joke.

27. To be clear, in reference to the comment about "flying shoes," at the time, Plaintiff was simply wearing Michael Jordan sneakers (as they had returned from driving, during which they are required to wear steel-toed shoes).

28. Plaintiff was shocked at Roum's comments, which he found to be both offensive and discriminatory, and several employees who witnessed the behavior felt the same, even encouraging Plaintiff to complain to Defendant's Human Resources ("HR") department.

29. As a result, that same evening (October 30, 2024), Plaintiff emailed HR Manager, Amanda Bowie (Caucasian, hereinafter "Bowie"), stating that he had been subjected to religious and/or ethnic discrimination.

30. In response to Plaintiff's aforesaid complaints of discrimination, Bowie reached out the following day and advised Plaintiff to call her at his earliest convenience, which I did.

31. Plaintiff reiterated to Bowie via phone that Roum had grabbed his religious attire and made a disparaging comment regarding the same, which he believed to be discriminatory and offensive.

32. Plaintiff also informed Bowie that he believed his race and/or ethnic background played a part, to which Bowers replied that she would reach out to Roum and "get back to" him.

33. After speaking with Roum, Bowie called Plaintiff back and informed him that Roum had admitted pulling on his religious attire and making the aforementioned discriminatory and disparaging comment regarding the same. Bowie also advised Plaintiff that Roum had been issued written discipline for the same.

34. However, very shortly thereafter, on or about November 13, 2024, Plaintiff was abruptly terminated via email by Defendant, which stated that his employment with Defendant had ended, without further information.

35. Plaintiff's termination and/or Defendant's failure to fully hire Plaintiff was undoubtedly motivated by his religion and race because (1) he had passed all of his training with flying colors, without incident, counseling, or any discipline; and (2) he was terminated in very close proximity to his complaints of religious and/or race discrimination.

36. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation by Defendant as a result of his race and religion, as well as his expressed concerns of unfair treatment because of the same.

37. Plaintiff also believes and therefore avers that his race and religion were motivating and/or determinative factors in the termination of his employment and/or Defendant's failure to fully hire him on following his training period.

**COUNT I**
**Violations of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Hire)**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. During Plaintiff's employment with Defendant, he was subjected to a hostile work environment through disparate treatment, demeaning and derogatory treatment, and pretextual admonishment, because of his race.

40. Plaintiff objected to/complained of the race-based discrimination he was subjected to, but Defendant failed to take any meaningful action regarding these concerns.

41. Plaintiff was then terminated and/or not hired on fully as a driver after his training period, on or about November 13, 2024, for completely pretextual reasons.

42. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation because of his race and/or for his objections to/complaints of race-based discrimination and retaliation.

43. Plaintiff further believes and therefore avers that but for his race, he would not have been terminated and/or not fully hired on as a driver following his training period by Defendant.

44. These actions as aforesaid constitute unlawful discrimination, retaliation, a hostile work environment, termination, and a failure to hire under Section 1981.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
**([1] Race Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Hire)**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. During Plaintiff's employment with Defendant, he was subjected to a hostile work environment through disparate treatment, demeaning and derogatory treatment, and pretextual admonishment, because of his race.

47. Plaintiff objected to/complained of the race discrimination he was subjected to, but Defendant failed to take any meaningful action regarding these concerns.

48. Plaintiff was then terminated and/or not fully hired on as a driver after his training period, on or about November 13, 2024, for completely pretextual reasons.

49. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation because of his race and/or for his objections to/complaints of race discrimination.

7

50. Plaintiff also believes and therefore avers that his race was a motivating and/or determinative factor in Defendant's termination and/or failure fully hire him on as a driver following his training period.

51. Defendant's actions as aforesaid constitute unlawful discrimination, retaliation, a hostile work environment, and failure to hire in violation of Title VII.

### COUNT III
### Violations of the Pennsylvania Human Relations Act ("PHRA")
### ([1] Race Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Hire)

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Plaintiff properly exhausted his administrative remedies regarding his PHRA claims because he timely filed a charge of discrimination with the PHRC (by dual-filing his claims with the EEOC) and the charge has been pending for at least one year.

54. The aforesaid allegations also constitute violations of the PHRA. Thus, Plaintiff's PHRA claims mirror the claims as set forth in Count II.

### COUNT IV
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### ([1] Religious Discrimination; [2] Hostile Work Environment; [3] Retaliation; and [4] Failure to Hire)

55. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56. During Plaintiff's employment with Defendant, he was subjected to a hostile work environment through disparate treatment, demeaning and derogatory treatment, and/or pretextual admonishment, because of his religion.

57. Plaintiff objected to/complained of the religious discrimination he was subjected to, but Defendant failed to take any meaningful action regarding these concerns.

58. Plaintiff was then terminated on or about November 13, 2024, and/or not fully hired on as a driver following his training period, for completely pretextual reasons.

59. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation because of his religion and/or for his objections to/complaints of religious discrimination.

60. Plaintiff also believes and therefore avers that his religion was a motivating and/or determinative factor in Defendant's termination and/or failure to fully hire him own as a driver following his training period.

61. Defendant's actions as aforesaid constitute unlawful discrimination, retaliation, a hostile work environment, and failure to hire in violation of Title VII.

62. The actions of Respondent as aforesaid constitute violations of Title VII.

## COUNT V
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Religious Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Hire)**

63. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

64. Plaintiff properly exhausted his administrative remedies regarding his PHRA claims because he timely filed a charge of discrimination with the PHRC (by dual-filing his claims with the EEOC) and the charge has been pending for at least one year.

65. The aforesaid allegations also constitute violations of the PHRA. Thus, Plaintiff's PHRA claims mirror the claims as set forth in Count IV.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.  Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.  Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.  Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
(215) 639-0801

Dated: January 22, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kaashif Muhammad | : | CIVIL ACTION |
| v. | : | |
| Western Express, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| 1/22/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MUHAMMAD, KAASHIF

**(b)** County of Residence of First Listed Plaintiff: **Baltimore**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
WESTERN EXPRESS, INC.

County of Residence of First Listed Defendant: **Lehigh**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1981 (42USC1981); Title VII (42USC2000)

Brief description of cause:
Violations of Section 1981, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/22/2026
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____